UNITED STATES DISTRICT COURT    EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                  Case No.   07-CR-96

RODNEY SMITH,
    Defendant.
_____

## MOTION FOR DOWNWARD DEPARTURE
_____

    Now comes the defendant, Rodney Smith, by counsel, Laurence M. Moon, and requests the court to consider and apply the factors enumerated in 18 U.S. C.3553 as well as another factor in fashioning an appropriate sentence for him.  Those factors provided in Sec. 3553  include:

    1   the nature and circumstances of the offense and the history and characteristics of the defendant;

    2.   The need for the sentence imposed.

        A.   To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense.

        B.   To afford adequate deterrence to criminal conduct.

        C.   To protect the public from further crimes of the defendant; and

        D.   To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

    3.   the kinds of sentences available;

    4.   the advisory guideline range;

    5.   any pertinent policy statements issued by the Sentencing Commission.

6. the need to avoid unwarranted sentence disparities; and

7. the need to provide restitution to any victims of the offense.

Mr. Smith s motion focuses on:

1. Sec. 3553(2)(A), ...to promote respect for the law... and

2.. Sec. 3553(6), the need to avoid unwarranted sentence disparities.

3. The need to promote and continue the efficient operation of the courts.

All of the other defendants who have been sentenced in this case have received sentences that do not involve prison. According to the pre-sentence report prepared for Mr. Smith, he faces at least two years in prison. A particularly unfair comparison arises from comparing Mr. Smith s prospective sentence with that received by co-defendant Billy J. Cannon. Mr. Cannon upon paying $10,000.00 of restitution, received a sentence of six months home confinement. However, other than apparently receiving a lower dollar amount of proceeds from the scheme than did Mr. Smith, Mr. Cannon s conduct appears equally if not more egregious than that of Mr. Smith. Some of the people involved in Mr. Cannon s scheme were tenants of his rental properties and apparently there was a connection between eviction proceedings filed by Mr. Cannon against them and false tax returns which he subsequently prepared on their behalf. Moreover, completely lacking in Mr. Cannon s case is timely acceptance of responsibility. Mr. Cannon pleaded guilty on August 7, 2007, the day after his trial was scheduled to begin. Nevertheless to receive the sentence which he did, Mr. Cannon must still have received credit for acceptance of responsibility-irrespective of the fact that he was not timely in manifesting his acceptance of responsibility. 3E1.1 Application Note 1(h). There is not indication that he received a recommendation based upon substantial assistance. *United States v. Boscarino,* 437 F.3d 634, 637-38 (7th Cir.2006).

The sentence imposed on Mr. Cannon by the court followed the recommendations which the government made in its plea agreement with him. Not clear is why Mr. Cannon was accorded this extraordinary leniency by the government when it is obvious from the record that he required the government to expend considerable resources in preparing for his trial and may have coerced his tenants to cooperate in filing false returns to avoid eviction proceedings.

In contrast to Mr. Cannon, Mr. Smith entered into a plea agreement well before the trial date and has at all times acted consistent with acceptance of responsibility. Other factors being equal, it is extraordinary in this district for defendants who tax the resources of the government and the courts to an extent far greater than their co-defendants to

receive lower sentences. Indeed, it would be a great disincentive for defendants to timely accept responsibility for their acts if they knew that they could do as Mr. Cannon did, call the government s bluff and contest the matter right up to the date of trial and ultimately receive a markedly lower sentence. The turmoil this disrespect for established procedures would cause in the operation of the courts if this practice continued is obvious.

Courts should avoid unwarranted sentencing disparities among similarly situated defendants. Disparity in sentences among defendants for the violation of the same statute is only warranted when the facts of a surrounding a crime demonstrate to the sentencing judge that one defendant should receive a greater or lesser sentence based on the circumstances of that particular case. *U.S. v. Mendoza*, 457 F.3d 726, 730, 731 (CA. Ill 2006).

Mr. Smith should receive a downward departure with a sentence commensurate to that given Mr. Cannon. This is mandated not only by considerations of fairness (parity), and the need to insure respect for the law, but the necessity of insuring that the process of administering the courts proceeds in an orderly and efficient manner.

Dated this 26th day of November, 2007.

                                                  /x/ Laurence M. Moon
                                                  Laurence M. Moon, Attorney
                                                   for Rodney Smith

414-962-3151
P.O. Box 170677
Milwaukee, WI 53217